**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CATIE BIRABENT AND<br>JENNIFER LOY,<br><br>        Plaintiffs,<br><br>vs.<br><br>HUDIBURG AUTO GROUP, INC.,<br>HUDIBURG CHEVROLET, INC.,<br>AND HUDIBURG MOTORS, LLC.,<br><br>        Defendants. | Case No. CIV-11-1189-M |

**ORDER**

Before the Court is defendants' Special Appearance and Motion to Compel Arbitration/Motion to Stay, filed November 14, 2011. Plaintiffs' Brief in Opposition to Defendants' Motion for Arbitration and Demand for a Jury Trial on the Issue of Whether Plaintiffs Agreed to Arbitration with Authority was filed on December 12, 2011. Defendants' reply was filed on December 19, 2011. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs have sued their former employer, Hudiburg Auto Group, Inc., Hudiburg Chevrolet, Inc., and Hudiburg Motors, LLC., ("Hudiburg"), alleging gender discrimination and sexual harassment/hostile work environment and retaliation in violation of Title VII and Oklahoma's public policy. During their employment both plaintiffs executed an arbitration policy. Hudiburg's arbitration policy provides, in pertinent part:

> All Hudiburg Employees understand and agree that any claim, controversy or dispute arising out of or relating to an Employee's employment, or termination thereof, will be decided in Oklahoma City, Oklahoma, in accordance with the rules for commercial arbitration of the American Arbitration Association. Such claims include but are not limited to those arising under Title VII of the

1

> Civil Rights Act of 1964, the Civil Rights Act of 1866, the Pregnancy Discrimination Act of 1978, the Equal Pay Act, the Civil Rights Act of 1991, the Age Discrimination in Employment Act and/or the Older Worker Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans With Disabilities Act, the Employee Retirement Income Security Act, the Uniformed Services Employment and Reemployment Rights Act, the Worker Adjustment and Retraining Act of 1988, the Fair Labor Standards Act, the Family and Medical Leave Act, the Occupational Health and Safety Act, and any other federal, state and/or municipal statutes, orders or regulations pertaining to labor, employment and/or employee benefits.
>
> Any arbitration undertaken pursuant to the Federal Arbitration Act, and the decision of the arbitrator, will be final, binding, and enforceable in any court of competent jurisdiction. As such, **any arbitration under this policy shall be the exclusive means of resolving any dispute arising out of an Employee's employment, and no other action can be brought by an Employee in any court or other forum.** In resolving all disputes between the parties, the arbitrator will apply the laws of the State of Oklahoma. A party who unsuccessfully initiates arbitration will be liable for reasonable fees and costs of the defending party. Otherwise, including an outcome involving dual awards, the parties will pay their own fees and costs.
>
> Agreement to abide by this arbitration policy is a condition of each Employee's employment with Hudiburg.

Arbitration Policy, attached as Exhibit 1 to Plaintiffs' Brief in Opposition to Defendants' Motion for Arbitration and Demand for a Jury Trial on the Issue of Whether Plaintiffs Agreed to Arbitration with Authority.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, ensures that written arbitration agreements in maritime transactions and transactions involving interstate commerce are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "The FAA also provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, § 3, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, § 4." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-5 (1991).

In this case, defendants assert that both plaintiffs signed an arbitration agreement acknowledging they understood and voluntarily agreed to its terms and conditions. Defendants argue pursuant to the terms of the arbitration agreement the parties are required to submit to arbitration and give up their rights to trial by jury. Generally, the Court agrees. However, defendants' assertion presupposes there is a valid and enforceable arbitration agreement formed in the first place.

As plaintiffs assert, it must be understood from the outset there is no presumption that the parties agreed to arbitrate a dispute. *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002).

> The presumption in favor of arbitration is properly applied in interpreting the scope of an arbitration agreement; however, this presumption disappears when the parties dispute the existence of a valid arbitration agreement. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-45, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) ("[W]hen the dispute is whether there is a valid and enforceable arbitration agreement in the first place, the presumption of arbitrability falls away.") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

*Id*. Further:

> Defendant bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration. *See, e.g., Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n. 9 (3d Cir. 1980) (standard on motion to compel arbitration is same as summary judgment standard); *Doctor's Assoc., Inc. v. Distajo*, 944 F.Supp. 1010, 1014 (D.Conn. 1996) (same), *aff'd*, 107 F.3d 126 (2d Cir.), *cert. denied*, 522 U.S. 948 (1997). Thus, defendant must present evidence which is sufficient to demonstrate an enforceable agreement to arbitrate. *See, e.g., Oppoenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). If defendant makes such a showing, the burden shifts to plaintiff to demonstrate a genuine issue for trial. *See id.*; *see also Naddy v. Piper Jaffray, Inc.,*Nos. 15431-9-III, 15681-8-

III, 1997 WL 749261, at *2 (Wash. Ct. App. Dec. 4, 1997).

*Smith v. Devlin Partners, L.L.C.*, No. CIV.A.03-2380-KHV, slip op. at 1 (D. Kan. July 2, 2004).

Having reviewed the parties' submissions, the Court finds that because the arbitration agreements require plaintiffs to pay a portion of the arbitration costs, the arbitration agreement is invalid and thus, plaintiffs' claims are not subject to arbitration.

A mandatory arbitration agreement which requires an employee to pay a portion of the arbitrator's fees is unenforceable under the FAA because it fails to provide an accessible forum in which the employee can resolve his statutory rights. *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233-35 (10th Cir. 1999).[1] In the case at bar, the arbitration policy requires the employee to pay either all the arbitration fees and costs or only its own arbitration fees and costs depending on the outcome of the arbitration. Additionally, plaintiffs have submitted governing arbitration rules and mediation procedures showing the likely arbitration costs and fees. Plaintiff Catie Birabent has also submitted an affidavit showing she cannot afford to pay her portion of these costs.[2] Accordingly, the Court finds that plaintiffs have demonstrated that the cost-splitting

---

[1] The Supreme Court's decision in *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000), did not completely abrogate the holding in *Shankle*. In *Green Tree*, the Supreme Court held that where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs," thereby adopting a case-by-case approach to determining whether an arbitration policy is unenforceable on this ground. *Green Tree*, 531 U.S. at 92. Further, in *Green Tree*, the arbitration agreement at issue did not state who was to bear arbitration costs, and the employee failed to make a factual showing that she was likely to incur prohibitive expenses; neither circumstance is present in the case at bar.

[2] On December 23, 2011, plaintiffs' counsel filed an application seeking to supplement the record with an affidavit from plaintiff Jennifer Loy which, according to counsel, would include her financial situation as sufficiently desperate that her vehicle was repossessed, she was forced to move from her house, and has no savings or other resources to pay arbitration costs.

provision in defendants' Arbitration Policy is likely to prevent them from vindicating their statutory rights by effectively barring them from the only forum available under the policy.

In their reply, defendants argue that the total amount of arbitration costs to be borne by plaintiffs is wholly speculative. However, the Court finds plaintiffs have submitted evidence showing the actual arbitration cost and the requirement that at least one half of these costs are to be assumed by them rendering the arbitration agreement unenforceable. The Court agrees.

Accordingly, the Court DENIES defendants' motion to compel arbitration/motion to stay proceedings [docket no. 9].

**IT IS SO ORDERED this 5th day of January, 2012.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE