**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CATIE BIRABENT AND<br>JENNIFER LOY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. CIV-11-1189-M |
| HUDIBURG AUTO GROUP, INC.,<br>HUDIBURG CHEVROLET, INC.,<br>AND HUDIBURG MOTORS, LLC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiffs' Motion to Strike Affirmative Defenses with Authority, filed March 13, 2012. On April 3, 2012, defendants filed their response, and on April 9, 2012, plaintiffs' reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiff commenced this action alleging gender discrimination and sexual harassment/hostile work environment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and Oklahoma's clearly established public policy. On February 27, 2012, defendants filed their amended answer and set forth various affirmative defenses. In the instant motion, plaintiff has challenged certain of these affirmative defenses for failure to comply with the pleading standard of Federal Rule of Civil Procedure 12(f) and the decision by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff has also moved to strike certain affirmative defenses on the grounds that they are legally insufficient.

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 157 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *Scherer v. United States Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003).

III.    DISCUSSION

Plaintiffs move to strike the affirmative defenses in paragraphs 3, 5, 7 and 9 from defendant's Amended Answer pursuant to Rule 12(f). The two alleged grounds for sustaining this Rule 12(f) motion are: the legal insufficiency of the defense as to paragraphs 5, 7 and 9, and insufficiency of the pleading as to paragraphs 3 and 5. The paragraphs in controversy allege:

> 3. Defendant Hudiburg Toyota had a reasonable and legitimate basis to terminate Plaintiff Birabent's employment.
>
> 5. Plaintiffs signed a binding arbitration clause and thus, jurisdiction and venue are improper.
>
> 7. Plaintiff's [sic] prayer for punitive damages violates the constitutions of both Oklahoma and the United States of America.
>
> 8. That discovery is still ongoing and Defendants reserve their right to amend this Answer as discovery progresses.

IV.     DISCUSSION

Plaintiff contends defendants' affirmative defenses 3, 5, 7 and 9 should be stricken because they are inadequately pled and the insufficiency of defendants' pleading provides a sufficient basis to strike these defenses.

Federal Rule of Civil Procedures 12(f) provides:

> On a motion to strike affirmative defenses, the Court must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available . . . .
>
> A motion to strike an affirmative defense pursuant to Rule 12(f) seeks a "drastic remedy" and must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances. The moving party must demonstrate it will be prejudiced significantly if the attacked allegations are left in the pleadings.

*United States v. Hardage,* 116 F.R.D. 460, 463 (W.D. Okla. 1987) (internal citations omitted).

In their response, defendants assert that the above-referenced defenses have been pled sufficient to apprise plaintiffs of the nature and basis of each defense. Further, defendants contend the applicability of the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) pleading standards to affirmative defenses is still open for appellate determination and the apparent majority position of applicability appears to be shifting.

A.     Pleading Standard for Affirmative Defenses

It is axiomatic that an Amended Complaint must contain enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, the Tenth Circuit has not determined whether the plausibility standard at the pleading stage differentiates between plaintiffs and defendants.

The Courts of the Western District of Oklahoma have taken various positions concerning whether the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) extends to affirmative defenses when considering motions to strike. One decision of the Court declined to extend *Twombly* under these circumstances. *See Christine Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE (W.D. Okla. July 30, 2009) (unpublished). In another decision from the Western District of Oklahoma, the Court declined to address whether the guidelines set forth in *Twombly* applied to affirmative defenses. *See Schlottman v. Unit Drilling Co.*, No. CIV-08-1275-C, 2009 WL 1764855, at *1 (W.D. Okla. June 18, 2009). In contrast, another decision from the Court has recognized that Rule 8, governing the sufficiency of pleadings does not differentiate between plaintiffs and defendants as follows:

> Unless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of Rule 8, F.R.Civ.P. and *Bell Atlantic Corp*[.] *v. Twombly*, 500 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as explicated with respect to claims, only, in *Bryson v. Gonzales*, 534 F.3d 1282, 1286-87 (10th Cir. 2008). Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.*, where the claim asserted is clearly barred by the applicable statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.

*Gibson v. Officemax, Inc.*, No. CIV-08-1289-R (W.D. Okla. Jan. 30, 2009) (unpublished).

This Court is persuaded the latter holding represents the better view. [1] An even-handed standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party can reasonably tailor discovery.  Furthermore, "the desire to avoid unnecessary discovery (and the time and expense associated therewith) required to ascertain that boilerplate affirmative defense assertions are just that, *i.e.*, lack any factual basis and are not viable; and the liberal standard for amendment of an answer to assert additional affirmative defenses when the factual bases for them becomes known." *Id.*

Having reviewed the parties' submissions, the Court finds defendants' affirmative defenses pled in paragraphs 5, 7 and 9 are legally insufficient.  Specifically, as to affirmative defense 5, this Court on January 5, 2012 found the only arbitration agreement signed by the plaintiffs in this case to be invalid rendering the agreement unenforceable.  As to defendants' affirmative defense 7, the constitutionality of applicable authorizations for punitive damages under Title VII and the state statute has been decided.  *See Deters v. Equifax Credit Info. Servs.,* 202 F.3d 1262, 1272 (10th Cir. 2000) and *American Nat'l Bank & Trust Co. v. BIC Corp.*, 1994 OK CIV APP 70, 880 P.2d 420, 425.  As to affirmative defense 9, reliance upon an unconditional reservation of right to amend to assert other defenses is not an appropriate affirmative defense.  Accordingly, the Court finds plaintiffs' motion to strike the affirmative defenses pled in paragraphs 5, 7 and 9, should be granted

---

[1] This Court is also persuaded by the following courts which have addressed this issue, *see Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 53 F. Supp. 2d 620, 623 (S.D.N.Y. 2008); *T-Mobile USA, Inc. v. Wireless Exclusive USA LLC*, 2008 WL 2600016 (N.D. Tex July 1, 2008); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008); *United States v. Quadrini*, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007).

as legally unsupported.

The Court has also considered plaintiffs' challenge to affirmative defense 3: "[d]efendant Hudiburg Toyota had a reasonable and legitimate basis to terminate Plaintiff Birabent's employment." Amended Answer at 5, ¶ 3. The Court finds without substantive support for this otherwise conclusory claim, defendants have failed to meet *Twomby* pleading standards as to affirmative defense 3. Accordingly, plaintiffs' motion to strike affirmative defense 3, should be granted. However, the Court finds that defendants should be granted leave to amend its Amended Answer to provide sufficient fact to support the plausibility of affirmative defense 3.

III. CONCLUSION

For the reasons stated above, the Court:

1. GRANTS the motion to strike insufficient defenses 5, 7, and 9, and those defenses as set forth above are STRICKEN;

2. GRANTS defendants' request that they be permitted to amend its amended answer to set forth affirmative defense 3, in accordance with this order; and

3. DIRECTS defendants to file their second amended answer to the Complaint on or before May 1, 2012.

**IT IS SO ORDERED this 25th day of April, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE